McDERMOTT, Respondent, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*April 15 — May 3, 1892.*

*Railroads: Injury to passenger alighting from train: Unsafe appliances: Contributory negligence: Court and jury.*

In an action by a passenger against a railway company for injuries sustained while leaving a train, the answer alleged that the injuries were caused by plaintiff's want of care "while attempting to alight from said train." The train had arrived at the end of its route. A movable bench had been placed at the foot of the car steps, and passengers alighted by stepping down upon such bench and thence to the station floor. Plaintiff, being incumbered with bundles, had delayed leaving the car, and the brakeman who assisted passengers to alight had gone away, supposing that all the passengers were out. The jury found that said bench was not a reasonably safe appliance, in the absence of a brakeman to assist passengers; that it was not placed in a reasonably safe position; and that the want of safety thereof, the failure of the brakeman to

McDermott vs. The Chicago & Northwestern R. Co.

assist plaintiff, and the unsafe position of the bench, were each a proximate cause of the injury. It appeared that plaintiff, finding the brakeman absent, asked another employee of the company to help her with her bundles; that he took some of her bundles and went ahead and, having laid them down, turned to assist her further, but she had already attempted to descend and had fallen between the bench and the car. She testified that "the bench was slippery and narrow and too far away;" that it was too long a step for her to make; that she saw the bench and stepped down on it, "seeing it all the time, and knowing where it was and how far off it was." The court instructed the jury that if the plaintiff left the car with reasonable diligence they "should find that she was not guilty of any want of ordinary care, because no other want of ordinary care is imputed to her either in the pleadings or on the evidence; certainly not in the evidence." *Held,* error.

APPEAL from the Circuit Court for *Milwaukee* County.

This action was brought for the recovery of damages for personal injuries sustained by the plaintiff while descending from a train of the defendant company on which the said plaintiff was a passenger, at its station in Milwaukee, caused, as alleged, by the negligence of the defendant in not providing safe or suitable appliances or means for the descent of passengers at its regular passenger station at that city, and the failure to render her personal assistance in alighting. The answer, admitting that defendant was a common carrier of passengers, denied any knowledge or information sufficient to form a belief as to the other allegations of the complaint, and charged the plaintiff with contributory negligence and want of care while attempting to alight from the train.

The court found, upon the uncontradicted testimony, that the defendant is a corporation and common carrier, as charged in the complaint; that the plaintiff was a passenger on one of the defendant's passenger trains from Ridgeway, Iowa county, to Milwaukee, on January 22, 1890; that the railway station at Milwaukee is not provided with raised platforms for the reception of passengers

alighting from the trains, but has a floor or platform level with the tracks of the railway; that the descent from the cars is made by means of a short flight of steps leading from the platform of the car down within about twenty-two inches of such floor, and a movable bench about eleven inches high is placed at the foot of said short flight of steps. The plaintiff in leaving the car descended to the floor by means of said short flight of steps and said bench, and fell and was injured.

The jury found the following facts in answer to interrogatories: (1) Said movable bench is a reasonably safe appliance for the exit of passengers from the cars of the defendant corporation, provided a brakeman or other assistant be stationed at the foot of the descent to assist passengers in alighting. (2) Such bench is not a reasonably safe appliance, in the absence of any brakeman or other assistant so stationed to assist passengers in alighting. (3) Upon the arrival of the train upon which the plaintiff was carried, the brakeman assisted all the passengers to alight by means of said short flight of steps and bench but the plaintiff and one other passenger. (4) After so doing he left the platform and went about his other duties, before the plaintiff and said other passenger had left the car. (5) The plaintiff delayed her exit from the car so long as to justify the brakeman in supposing all the passengers had left it. (6) It was negligence on the part of the brakeman to leave his position on said platform and bench without first ascertaining whether or not any of the passengers were still in the car and might need his assistance in alighting. (7) The want of safety of said appliance for enabling passengers to alight from the cars without assistance was a proximate cause of the plaintiff's injury. (8) The failure of the brakeman to assist the plaintiff in alighting from the car was a proximate cause of such injury. (9) Said movable bench was in a reasonably safe condition. (10) Said

bench was not placed in a reasonably safe position. (12) The position of said bench was a proximate cause of the plaintiff's injury. (13) The delay of the plaintiff in leaving the car, so long as to justify the belief that the car was emptied, was not a want of ordinary care on her part. (15) The defendant, its officers, agents, and employees, were guilty of negligence which was the proximate cause of her injury. (16) The plaintiff, in leaving and descending from said car, was not guilty of any negligence or any want of ordinary care on her part which proximately caused or contributed to the injury of which she complains. And the amount of the plaintiff's damages, in case of recovery, was assessed at $3,000.

The court instructed the jury that if they were satisfied that the plaintiff "left the car with reasonable diligence, such as could properly be required of a passenger in her circumstances and under all the facts and circumstances of the case, then you should find that she was not guilty of any want of ordinary care, because *no other want of ordinary care* is imputed to her either in the pleadings or in the evidence; certainly not in the evidence." The plaintiff testified, in substance, that she delayed leaving the train on account of some packages and bundles she had with her, and had chosen to wait until the other passengers had left; that she came out of the front end of the car, and in attempting to descend to the bench her foot slipped from the bench, and she fell back again; that she slipped on the car side of the bench, and fell on the car step, but did not go down on the floor. "The car step struck me on my side and on my shoulder; on my right side and on my hip. That bench was a good long step from the car steps. When I fell I did not know where my foot went. It went down between the bench and the car, but did not go over on the other side of the bench at all." That "the step was a long way from the car;" and that she had no assistance

in alighting; did not know what had become of the brake-
man; that she looked for him when she came out; did not
know where the conductor was; that she had always had
a brakeman to help her on and off the cars, and that he
usually stood at the foot of the bench; that she asked a
man that she saw if he would help her down with some of
her bundles, but he was not a brakeman; that he took
some of the bundles and went on, and she followed him,
and, going down, she fell; that she went down the steps
as carefully as she could; that "the bench was slippery
and narrow, and too far away;" that it was too long a
step for her to make; that she thinks it must have been
twenty-one inches; that she did not ask this man to help
her off; asked him if he would help her with the bundles;
that she had five of them; one of them was a large bundle,
one of them was the basket; one of them was a large one,
a basket. "The man took some of my bundles. I fol-
lowed immediately behind, went right down the steps, and
fell. I saw the bench, and stepped down on it from the
upper step, seeing it all the time, and knowing where it
was, and how far off it was. It was daylight."

It was proved that the distance from the lower step of
the car to the floor was twenty-six or twenty-seven inches.
It was proved it was the custom for brakemen to help pas-
sengers off the cars, without reference to the kind of plat-
form; that the method of alighting from cars at the station
in question, by means of a bench where a brakeman is sta-
tioned, is very general on first-class roads. The man who
assisted the plaintiff with her packages was an employee
of the company to fill and clean lamps in the coaches, and
he testified to his assisting her, taking the basket and an-
other package out of the car, and setting them up against
the fence. When he turned around he saw the woman
down between the bench and the side of the car. "How
she got there I don't know. One of her bundles was a

good-sized basket, and the other was, I suppose, some carved work or wooden work wrapped up in paper. The basket was of a pretty good weight. She had two or three other bundles. I turned around, because I intended to go and help her out with the rest of the things, but when I had laid these down she was out already."

Judgment was given for the plaintiff on the verdict, and the defendant appealed. ·

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *E. P. Vilas.*

For the respondent there was a brief by *Elliott & Hickox,* and oral argument by *C. T. Hickox.*

Pinney, J.  It is the duty of a common carrier of passengers to provide and maintain safe alighting places, and it must respond in damages to a passenger who, without contributory fault on his part, is injured by a negligent failure to perform this duty. It is the duty of the railway carrier to make it safe for its passengers to leave its cars, and in the case of female passengers, at least, they have a right to expect aid or assistance from the brakeman or some other employee of the company to assist them in alighting. *Delamatyr v. M. & P. du C. R. Co.* 24 Wis. 578; *Patten v. C. & N. W. R. Co.* 32 Wis. 531–535; *Jeffersonville, M. & I. R. Co. v. Hendricks,* 41 Ind. 48; *Louisville, N. A. & C. R. Co. v. Lucas,* 119 Ind. 589, 590, and cases cited; *Cartwright v. C. & G. T. R. Co.* 52 Mich. 606. In *Robson v. N. E. R. Co.* L. R. 2 Q. B. Div. 85–88, it is said that "it is clearly the law that railway companies are bound to find reasonable means for passengers to alight at every station at which they choose to stop," and that "the bringing up of a train to a final standstill, for the purpose of passengers alighting, amounts to an invitation to alight, at all events, after such a time has elapsed that the passenger may reasonably infer that it is intended that he should get out if he

purposes to alight at the particular station;" and that "an invitation to passengers to alight on the stopping of a train, without any warning of danger to a passenger who is so circumstanced as not to be able to alight without danger, such danger *not being visible and apparent*, amounts to negligence."

It was contended, among other things, that the evidence of negligence on the part of the defendant was not sufficient to warrant the court in submitting the case to the jury; that the plaintiff was guilty of negligence materially contributing to her injury; and that the court improperly withdrew from the jury the consideration of the question of her contributory negligence. The testimony tended to show that the plaintiff delayed coming out of the car to alight, in consequence of being incumbered and embarrassed with packages and parcels, until the other passengers had left; that all had left save one, who went out of the other end of the car, and had alighted and gone out of the gate, and that it was reasonable for the brakeman in charge to suppose that all had alighted, and he accordingly left his post, supposing there was no occasion for him to longer remain. Accordingly, the court submitted it to the jury to say whether the plaintiff "left the car with reasonable diligence, such as could properly be required of a passenger in her circumstances and under the facts and circumstances of the case;" and, if so, that "the jury should find that she was not guilty of any want of ordinary care, because *no other* want of ordinary care is imputed to her either in the pleadings or in the evidence; certainly not in the evidence." We think that this instruction is plainly erroneous. The defendant in its answer had averred that the plaintiff's alleged injuries "were caused by the negligence and want of care of the plaintiff *while* attempting to alight from said train," and the testimony of the plaintiff herself tended directly to support the answer in this respect. By this in-

struction the question of contributory negligence alleged, and which the testimony tended to prove, was taken from the consideration of the jury, and they could not do otherwise under it than find, as they did, that the plaintiff, in leaving and descending from said car, was not guilty of any negligence or any want of ordinary care on her part which proximately caused or contributed to the injury of which she complains.

The negligence imputed to the defendant company, and specified in the verdict, consists of the facts found — that the bench was not, in the absence of any brakeman or assistant stationed to assist passengers in alighting, a reasonably safe appliance; that although the plaintiff delayed her exit from the car so long as to justify the brakeman in supposing that all the passengers had left the car, and that he left the platform and bench and went about his other duties before the plaintiff and one other passenger had left the car, yet it was negligence on his part to do so without first ascertaining whether or not any passengers *were still in the car* and might need his assistance in alighting; that this neglect was the proximate cause of the injury; that, though the movable bench was in a reasonably safe condition, *it was not placed in a reasonably safe position;* and that this, too, was a proximate cause of the injury. Although there was a general finding that the defendant, its officers, agents, or employees, were guilty of negligence which was the proximate cause of the injury, yet there is not the slightest proof of any act of negligence on their part that is not negatived by the verdict, save in the two respects mentioned, — the absence of the brakeman or other assistant when she came out of the car to alight, and the unsafe position of the bench, both of which facts were so obvious that she noticed them at once upon coming out upon the platform of the car, and she gives in her testimony a particular description of the alleged unsafe location of the

McDermott vs. The Chicago & Northwestern R. Co.

bench. By a very slight delay and inconvenience, both of these alleged causes of peril could have been avoided. The train had arrived at the end of its route, and there was no occasion for hasty or inconsiderate action on her part. She was incumbered and embarrassed by quite a number of packages or parcels, one of which was quite heavy; so she called for a man, who in fact was an employee of the company, to assist her, and he took part of them and laid them down on the floor of the station near the fence, and turned to render her further aid, when he saw that, with the remainder of the bundles, she had attempted to descend without awaiting the aid or assistance then at hand to enable her to do so in safety, and in so doing had fallen and sustained the injury for which she now claims and has been awarded damages. She chose voluntarily, and under no occasion for haste or stress of circumstances or danger of the least injury, to encounter what seemed to her an obvious danger, without waiting to avail herself of the aid to descend then at hand. The jury concurred in their finding with her in her judgment of the situation, and found that the bench was not placed in a reasonably safe position. It is claimed that her own imprudence and precipitate action were the proximate cause of her injury, and that the result is not imputable to the negligence of the brakeman in leaving his post, for that had been obviated by the arrival of the other employee, whose assistance she had asked; and this contention derives very considerable support from the plaintiff's own testimony. Upon the mere mention of anything which appeared unsafe in the position of the bench, that, too, would doubtless have been obviated. It was her duty to make the request, instead of encountering the danger which she had already discovered, embarrassed as she was by the parcels and packages.

It is clear that it was error for the court to withdraw from the consideration of the jury the question of contrib-

utory negligence in the manner it did, by the instruction complained of. For these reasons we consider the judgment of the circuit court erroneous.

*By the Court.*— The judgment of the circuit court is reversed, and the case is remanded for a new trial.