## Chicago & Great Western Ry. Co. v. William Armstrong.

1. JURIES—*What is Not a Question for, in Actions for Personal Injuries.*—The question of whether a more safe method or machine might not be provided, or in use, is not presented to a jury, in an action brought by a servant to recover for injuries received because of the alleged negligence of a master.

2. MASTER AND SERVANT—*Duty of Master as to Machinery.*—It is the duty of the master to use reasonable diligence to supply and keep for the use of the servant reasonably safe appliances and tools. He is not bound to supply the newest pattern or invention; he may furnish such as are ordinarily sufficient for the purpose used and such as with reasonable care can be used without more danger than is ordinarily incident in the business to those engaged therein.

3. BURDEN OF PROOF—*Failure of the Master to Perform His Duty.*—The burden of showing that the appliances furnished by the master are

not reasonably fit, and his failure to use reasonable diligence to procure such appliances as are fit, is upon him who charges a want of compliance with such duty.

4. REASONABLY SAFE METHOD OF CONSTRUCTION—*The Term Defined.*—A reasonably safe method of construction, means one safe, according to the usages, customs and ordinary risks of business.

5. EMPLOYER—*A Rule of Duty.*—It is the duty of an employer to conform to the rules and usages which prudent and careful men have established in the conduct of similar kinds of business under similar circumstances.

6. RAILROAD COMPANIES—*Duty as to Cars of Other Companies.*—Railroad companies are compelled to haul the cars of other companies provided they appear to be in an ordinarily safe and proper condition, and the duty of such companies in respect to such cars is merely that of proper inspection—not to use reasonable diligence to have such cars reasonably safe, but before making use of them to properly inspect them for the purpose of seeing if they are in a fit condition for use.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed January 22, 1896.

## STATEMENT OF THE CASE.

This is an appeal from a judgment for $12,000, rendered by the Superior Court of Cook County, in favor of appellee, in an action on the case.

The facts in the case are briefly as follows:

At the time of the injury complained of the appellee (then less then twenty-one years of age) was a brakeman on appellant's road, between Dubuque and Elma, a distance of 120 miles, in the State of Iowa. He had worked as a brakeman about three and one-half years, and was in appellant's service for about six weeks prior to the accident. He was a local brakeman. His train left Dubuque about 4:30 on the morning of November 18, 1892, bound for Elma. The crew consisted of three brakemen, a conductor, engineer and fireman. The head brakeman was left at Dyersville, about twenty-five miles out of Dubuque, and the train proceeded on with two brakemen, the appellee acting as head brakeman.

About eight o'clock at night, the train, while running half a mile northwest of New Hampton, broke in two. Appellee,

as was his duty as head brakeman, was riding in the engine, and upon the train breaking in two it became his duty to go out on top of the train as quick as possible to give signals, set brakes and look after the train generally.

Accordingly, he immediately started back over the tender of the engine, got down on the rear platform of the tender, stepped onto a ladder on the end of the forward car, and ascended to the top of the car. He had a lantern on his left arm, and used both hands in climbing the ladder. When he reached the top of the ladder he held onto the top rung of the ladder on the end of the car with his left hand, his head and shoulders extending above the top of the car, and reached with his right hand for the handhold which is usually on top of a freight car. The train was running about thirty miles an hour, and the swaying of the car unbalanced him, and he fell between the engine and the car, sustaining the injuries complained of.

The car in question was a Merchants' Dispatch Transportation Company's car, commonly called an M. D. T. car.

Handholds on top of cars are, as a rule, about fifteen or eighteen inches long, and are placed from four to ten inches from the edge of the car, extending about two and one-half inches above the roof. They are made of round iron about half an inch in diameter, and are fastened to the roof with lag screws about three or four inches long. These have a square head, and are screwed in with a wrench.

Appellee testified that the car in question was in the train from the time it left Dubuque in the morning, and that nothing happened to it during the day which could have knocked off the handhold.

Appellee's conductor testified that the car was received in the train at Oelwein. The evidence showed that appellant had two car inspectors at Oelwein, as well as car inspectors at Dubuque; that all foreign cars received on its road were inspected before they were received, and that all trains leaving Dubuque were inspected immediately before leaving the yards. Appellant contended that there was a handhold on the car in question, but that it ran lengthwise of the car.

Appellee proceeded upon two theories, both fully covered by special counts. The first was that the car was defective, in that it had no handhold; and the second, adopting appellant's contention that there was a handhold running lengthwise, was that the car was defective because it had a handhold running the wrong way.

The jury found the issues for the plaintiff, assessing his damages at the sum of $12,000; in answer to a special interrogatory they found that there was no handhold on the top of the car off which the plaintiff fell.

There was a judgment for $12,000 upon the verdict.

GARDNER & McFADON, attorneys for appellant, contended that as a part of plaintiff's case he was bound to show either that the defendant had actual knowledge of the fact that the handhold was off at the time of the accident, or he was bound to show that the handhold at the time of the accident had been off so long that the defendant, by the exercise of proper care on its part, should have known that fact and had due time to repair the same. This the plaintiff utterly failed to show. Sack v. Dolese, 137 Ill. 133; Sack v. Dolese, 35 Ill. App. 643; Ill. Cent. Ry. Co. v. Barslow, 55 Ill. App. 206; C., B. & Q. Ry. Co. v. Avery, 109 Ill. 314; C. C. & S. C. W. Ry. v. Joresch, 68 Ill. 545; C. & A. Ry. Co. v. Platt, 89 Ill. 141; E. St. L., P. & P. Co. v. Hightower, 92 Ill. 139.

But even if there had been no handhold on the car in question at the time plaintiff was injured, nevertheless the plaintiff, being employed as a brakeman, was in duty bound to have observed the condition of the said car in this respect and to have informed the company of the absence of the handhold, and failing to do so he is in the position of one seeking to recover for an injury received by reason of his own negligence. Bailey on Master's Liability for Injuries to Servants, 169; T. W., & W. Ry. v. Eddy, 72 Ill. 138; Ill. Cent. Ry. Co. v. Jewell, 46 Ill. 100; C. & A. v. Platt, 89 Ill. 141.

In a case of this kind a presumption of law is that the master has discharged his duty to his servant, and that pre-

sumption must be overcome by the evidence in the case. Johnson v. Chesapeake & O. R. R. Co., 36 W. Va. 73; Wood on Railways, 376; Ill. Cent. R. R. v. Barslow, 55 Ill. App. 301.

A master is not bound to furnish tools and appliances which are the best. If he furnishes tools and appliances which may be reasonably used by an employe in the exercise of ordinary care without danger, he has discharged his whole duty to his employe, and this, even though there is another form of appliance, which in the mind of some is better and might have prevented the accident. Southern Pacific Ry. Co. v. Seely, 152 U. S. 145; Pittsburgh & C. R. R. Co. v. Sentmeyer, 92 Pa. St. 276; Lehigh Valley & W. C. Co. v. Hayes, 128 Pa. St. 294; Bailey on Master's Liability for Injury to Servants, 15.

Even if the car in question had no handhold upon it, the omission in this regard was patent and one which the servant could have known, and for an accident to the servant by the use thereof he could not recover of the master. Wink v. Weiler, 41 Ill. App. 342.

Proof of an accident alone, such as the case at bar, does not warrant a recovery against the defendant. Bailey on Master's Liability for Injury to Servants, 508; Alvin v. East Boston Ferry Co., 11 Allen, 312; Humphreys v. Newport News & Miss. Valley Co., 39 Am. & Eng. R. R. Cases, 363.

A railroad company using cars of a certain construction is not guilty of negligence in receiving and hauling cars of a different construction from those owned by it. L. & N. A. Ry. Co. v. Rolland, 11 So. Rep. 367; Baker v. Allegheny Valley Ry. Co., 95 Pa. St. 211; I., B. & W. Co. v. Flannigan, 77 Ill. 365.

, JAMES C. McSHANE, attorney for appellee, contended that the master's duty to its servants is the same in reference to foreign cars that it is in reference to its own cars. In the case of Sack v. Dolese et al., 137 Ill. 129, the court says that "the same law of reasonable care with reference to proper machinery and inspection applies in the case of cars

belonging to other persons which the servant is required to operate in the course of the master's business, as governs when the cars are owned and provided by the master himself." C., B. & Q. Ry. Co. v. Avery, 109 Ill. 314; Ballou v. Railway Co., 54 Wis. 257; Fay v. Railway Co., 30 Minn. 231; Goodrich v. Railway Co., 41 Am. & Eng. Ry. Cases, 259; Gotlieb v. Railway Co., 100 N. Y. 462; Sheedy v. Chi., Mil. & St. P. R. R. Co., 57 N. W. R. 60; Gutridge v. Mo. Pac. R. R. Co., 94 Mo. 468.

In the case of L. & N. R. R. Co. v. Williams, 24 S. W. 1, the court says: "Constitution, article 213, which compels every railroad company to transport over its lines the cars of other companies, does not require it to receive cars in an unsafe condition or so defective in their construction as to make it dangerous for its employes to handle them, and it does not release the company from liability for injury sustained by one of its employes from such defective cars." See, also, Mo. Pac. v. Barber, 44 Am. & Eng. Ry. Cases, 523; Baldwin v. C., R. I. & P. R. R. Co., 50 Ia. 680; O'Neill v. St. L., I. M. & S. Ry. Co., 9 Fed. Rep. 339; Ballou v. Ry. Co., 54 Wis. 257; Braum v. C., R. I. & P. R. R. Co., 53 Iowa 595; Tex. & Pac. R. Co. v. Carlton, 15 Am. & Eng. Ry. Cases, 350.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The evidence does not justify the finding of the jury that there was no handhold on the top of the car from which appellee fell; on the contrary, all of the positive testimony as to this is, that there was such a handhold, and that it ran lengthwise of the car. The remaining allegations of negligence are that the handhold was improperly placed, and that there was a failure to properly inspect this car. It is insisted that the handhold was improperly placed. This is not a matter for the determination in its discretion by a jury. If it were, one jury might find that the handhold should have run lengthwise of the car, and that it was negligence to place it otherwise; while another jury might de-

clare that handholds should be put crosswise, and that any other form of construction was negligence; there would be no rule of safety or conduct by which either employer or employe could be guided.

Juries can not determine what method of construction shall be adopted, or what appliance shall be used. Titus v. Bradford, 136 Pa. St. 618.

The question of whether a more safe method or machine might not be provided, or is in use, is not presented to a jury, in an action brought by a servant to recover for injuries received because of the alleged negligence of a master. It is the duty of the master to use reasonable diligence to supply and keep for the use of the servant reasonably safe appliances and tools; he is not bound to supply the newest pattern or invention; he may furnish such as are ordinarily sufficient for the purpose used, and such as, with reasonable care, can be used without more danger than is ordinarily incident in the business, to those engaged therein. Bailey on Master and Servant, 14; Richardson v. Cooper, 38 Ill. 270; Southern Pac. Ry. v. Seely, 152 U. S. 145; Schroeder v. Mich. Car Co., 52 Mich. 132; Pittsburgh & C. R. R. Co. v. Sentmeyer, 92 Penn. St. 276; Lehigh Valley & Western Coal Co. v. Hayes, 128 Pa. St. 294.

The questions presented in this regard, to the jury, were: Was the appliance reasonably safe for use for the purpose intended? Had the master exercised reasonable diligence to procure a reasonably safe appliance? Was the handhold such as was in common use?

And as to these, the burden of proof to show that the appliance was not reasonably fit and that the master had not used reasonable diligence to procure a reasonably fit appliance, is on him who charges a want of compliance with such duty. Ill. Cent. Ry. Co. v. Barslow, 55 Ill. App. 203.

A reasonably safe method of construction means one safe according to the usages, habits and ordinary risks of the business. Bailey on Master and Servant, 24.

It is the duty of an employer to conform to the rules and usages which prudent and careful men have established in

C. & G. W. Ry. Co. v. Armstrong.

the conduct of similar business under similar circumstances. Vinton v. Schwab, 32 Vt. 618.

Tested by these rules, in what respect, if any, was appellant shown to be negligent? That very many freight cars having the handhold running lengthwise of the car were in common use, was shown; that a handhold running crosswise was more likely to trip and throw a person walking from one car to another, was also proven; that the placing of handholds lengthwise of the car had even been condemned, abandoned by prudent and careful roads, or been found to be more dangerous than another method, was not shown. It may be said that the preponderance of the evidence is that the majority of cars other than those of the Merchants Dispatch Co. have the handhold running crosswise, but this is not sufficient to establish that the method adopted by that company was improper. It is said that the handhold should be parallel to the other rounds of the ladder on the car, and usually is so. It is not for the court or jury to determine the manner in which the cars of a railroad shall be constructed; nevertheless, it is not improper for us to say that, if it appears that it was the duty of appellee to go from the engine back upon the freight cars of the train while it was in motion, it was the duty of appellant to use reasonable care in providing for him a reasonably safe way of, or aid to, his journey; that it seemingly invited him to make use of a ladder running up the Merchants Dispatch Co. car, placed by appellant next to the engine, and that while the appliance (ladder) of that car may have been reasonably safe for passage from one car to another, or from the ground to its top, the ladder may have been improper, not reasonably safe, for use in passing from the engine to this car.

Railroads are compelled to haul the cars of other roads, provided they appear to be in an ordinarily safe and proper condition. As to their own cars, railroads choose which they will use; as to the cars of other companies, they have no opportunity for selection; because of this, the duty of railways in respect to the cars of other roads, is merely that of proper inspection. The car in question not belong-

ing to appellant, its duty was not to use reasonable diligence to have the same reasonably safe, but, before making use of it, to properly inspect it for the purpose of seeing if it was in a fit condition for use. Mackin v. Boston & Albany Ry. Co., 135 Mass. 201; Keith v. New Haven & N. R. R. Co., 140· Mass. 175; Kelly v. Abbott, 63 Wis. 307; Bailey on Master and Servant, 103.

The remarks of the court in the case of Sack v. Dolese, 137 Ill. 129, are not in respect to a railroad compelled to transport the cars of other roads, but in reference to the obligation of private individuals operating a stone quarry.

What was said in C., B. & Q. R. R. Co. v. Avery, 109 Ill. 314, 324, was in reference to an instruction by which the railroad sought to divest itself of liability by a contract it had made with another road, in the handling a car of which a servant was injured.

The jury in this case seemingly reached a verdict for the plaintiff upon the conclusion that there was no handhold upon the car off which appellee fell, a theory disapproved by the evidence.

The judgment of the Superior Court is reversed and the cause remanded.