MORTON, Appellant, vs. SMILEY and another, Respondents.

*September 8—September 29, 1903.*

*Contracts: Breach: Court and jury: Trusts.*

The complaint alleged that plaintiff executed and placed in the custody of one of the defendants a deed conveying his undivided interest in certain land, upon their promise to obtain from the grantee for him a certain sum to be applied upon judgments against him; that defendants failed to obtain such money; and that, through insolvency of the grantee and a conveyance of the land to an innocent purchaser, plaintiff has lost his interest in the land, to his damage in the sum mentioned. Plaintiff testified to the making of such promise, and the other facts were undisputed. *Held,* that it was error to direct a verdict in favor of defendants on the ground that the evidence failed "to show any trust reposed in the defendants."

APPEAL from a judgment of the circuit court for Green county: E. B. BELDEN, Judge. *Reversed.*

This action was upon a complaint alleging that the plaint-

iff, being owner of an undivided one-eighth of certain real estate in Green county, consented to a sale of the entire property at $900; but his one-eighth being incumbered by judgments largely exceeding his share of the purchase price, which he could not presently satisfy, he executed, with the other owners, a warranty deed, which was placed in the custody of the defendant *Sherron,* upon an agreement by both defendants that they would see that plaintiff received, either directly in money, or by application upon the judgments against him, his proportionate share of the purchase price, to wit, $112.50; that the defendant *Sherron,* in breach of such agreement, delivered such deed to the grantee, Broderick, without any payment by him on account of plaintiff's share; that before plaintiff learned of such delivery, Broderick had become insolvent, and had conveyed the premises to an innocent purchaser; that plaintiff meanwhile had been compelled to pay and satisfy all of the judgments against him—whereby he prayed to recover of both defendants the agreed sum, $112.50. The defense was substantially a denial of any agreement on the part of either defendant. At the close of the trial, the court directed a verdict in favor of the defendants, whereon judgment was entered, from which the plaintiff appeals.

For the appellant there was a brief by *H. N. B. Caradine* and *F. W. Hall,* and oral argument by *S. T. Swanson.*

For the respondents there was a brief by *Colin W. Wright* and *A. S. Douglas,* and oral argument by *Mr. Wright.*

DODGE, J.   It is quite apparent, both from the bill of exceptions and from the argument in this court, that this case was so complicated upon the trial as to obscure the very simple ground of action set forth in the complaint, and supported by at least some evidence. That ground of recovery was neither tort, breach of trust, nor money had and received, but was simply that the two defendants promised to

obtain for plaintiff from Broderick $112.50, to be applied on the judgments against plaintiff, if he would execute and deliver to *Sherron* a warranty deed of his share in the land. Plaintiff testified unambiguously to the making of such promise. The performance of the consideration by him and the failure to obtain the money by the defendants was undisputed, as was also the resulting damage to him. If the jury believed his testimony that such promise was made, plaintiff was entitled to recover. If there is any credible evidence to support a contention of fact, a question arises which must be submitted to the jury, although the trial court may be convinced that the preponderance of the evidence is to the contrary. *Lewis v. Prien,* 98 Wis. 87, 73 N. W. 654; *Beyer v. St. Paul F. & M. Ins. Co.* 112 Wis. 138, 141, 88 N. W. 57. Here, as already stated, there was the testimony of the plaintiff that the defendants did promise, as alleged in the complaint, corroborated by the extreme improbability that he would make a warranty deed of his interest without some understanding that he should be paid therefor. Hence it was error to withhold that question from the jury. The reason given by the trial court, namely, that the evidence failed "to show any trust reposed in the defendants," was not responsive to the situation. The evidence at least tended to prove a promise by the defendants; thus rendering immaterial the reposing of any trust in them otherwise.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.