BATES, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL. RAILWAY COMPANY, Appellant.

*September 14—October 5, 1909,*

*Railroads: Injury to passenger: Unsafe baggage room: "Question of engineering:" Duty of carrier: Questions for jury: Contributory negligence: Evidence: Credibility: Special verdict: Questions not submitted: Waiver: Decision by court: Appeal: Reversal: Prejudicial error.*

1. The rule that, generally. a master has the right to construct and maintain his property and appliances in his own way, and if there is no latent or hidden danger a servant assumes the risk of injury from the obvious character of such appliances, has. no application as between carrier and passenger.

2. The expression "a question of engineering," meaning a question. of judgment in the construction of a building or appliance, relates to a condition of fact pertinent in cases between master and servant, and not to any rule of law by which a court or jury is disabled from deciding a cause merely because the decision may involve such a question.

3. As to a passenger who was injured while in a railway baggage room at the invitation of the baggage master for the purpose of identifying her baggage, it was the duty of the railway company to have such room reasonably safe.

4. In an action for injuries to such a passenger, who accidentally stepped between the edge of a baggage truck and the edge of a pit in which the truck stood with its platform on a level with the floor, the question whether the baggage room, with such unguarded pit extending nearly across it, constructed to facilitate the loading and unloading of baggage, was reasonably safe for the use of passengers claiming or identifying baggage therein, is *held* to have been a question for the jury.

5. The court properly refused in such action to submit for special verdict the question, "Could it have been reasonably anticipated that the accident in question would have occurred at the time and place in question?" The inquiry should have been whether defendant could reasonably have anticipated that an injury might probably result to a passenger by reason of the construction and maintenance of this baggage room used as it was.

6. Plaintiff's testimony in such case that she did not see the pit is *held* not so manifestly impossible and untrue as to warrant holding as matter of law that she was guilty of contributory negligence.

7. It requires an extraordinary case to authorize the court to treat sworn testimony as manifestly impossible and untrue.

8. The jury having found by special verdict that the baggage room was not reasonably safe, that this was the proximate cause of the injury, and that there was no contributory negligence on the part of the plaintiff, whether or not a further express finding that defendant was negligent was necessary to fix its liability is not determined.

9. Under sec. 2858m, Stats. (Laws of 1907, ch. 346), defendant, having failed to request that the question of its negligence be submitted to the jury, waived the right to have the jury pass thereon; and, there being evidence to support a finding of such negligence, it must be presumed that the court in rendering judgment for plaintiff determined the question adversely to defendant.

10. How far sec. 3072m, Stats. (Laws of 1909, ch. 192),—providing among other things that no judgment shall be reversed unless it shall appear that the error complained of has affected the substantial rights of the party seeking reversal,—changes the rules adopted and acted upon by this court long before the passage of that act, and how far, if at all, it extends the provisions of sec. 2829, Stats. (1898), not determined.

APPEAL from a judgment of the circuit court for Vernon county: J. J. FRUIT, Circuit Judge. *Affirmed.*

For the appellant the cause was submitted on a brief by

*C. W. Graves* and *Chas. E. Vroman* and a separate brief by *C. W. Graves.* They cited, among other cases, *Twitchell v. G. T. R. Co.* 39 Fed. 419; *Bandekow v. C., B. & Q. R. Co.* 136 Wis. 341, 117 N. W. 812; *Groth v. Thomann,* 110 Wis. 488, 86 N. W. 178; *Hill v. Fond du Lac,* 56 Wis. 242, 14 N. W. 25; *Kelley v. C., M. & St. P. R. Co.* 53 Wis. 74, 9 N. W. 816; *Sherman v. Menominee R. L. Co.* 77 Wis. 14, 45 N. W. 1079; *McGowan v. C. & N. W. R. Co.* 91 Wis. 147, 64 N. W. 891; *Block v. Milwaukee St. R. Co.* 89 Wis. 371, 61 N. W. 1101; *Rowley v. C., M. & St. P. R. Co.* 135 Wis. 208, 115 N. W. 865; *Jones v. C. & N. W. R. Co.* 49 Wis. 352, 5 N. W. 854; *Bourda v. Jones,* 110 Wis. 52, 85 N. W. 671; *Peat v. C., M. & St. P. R. Co.* 128 Wis. 86, 107 N. W. 355; *O'Brien v. C., St. P., M. & O. R. Co.* 102 Wis. 628, 78 N. W. 1084; *Dowd v. C., M. & St. P. R. Co.* 84 Wis. 105, 54 N. W. 24; *Boyce v. Wilbur L. Co.* 119 Wis. 642, 97 N. W. 563; 6 Thomp. Comm. on Neg. § 7635; *Atkinson v. Goodrich T. Co.* 60 Wis. 141, 18 N. W. 764.

For the respondent the cause was submitted on the brief of *D. O. Mahoney* and *J. Henry Bennett.* Among other authorities, they cited *Ill. Cent. R. Co. v. Griffin,* 80 Fed. 278, 25 C. C. A. 413; *Hupfer v. Nat. D. Co.* 114 Wis. 279, 90 N. W. 191; *Bennett v. L. & N. R. Co.* 102 U. S. 577; *Barowski v. Schulz,* 112 Wis. 415, 88 N. W. 236; 3 Thomp. Comm. on Neg. §§ 2678, 2709, 2710; *Bremer v. Pleiss,* 121 Wis. 61, 98 N. W. 945; 1 Thomp. Comm. on Neg. § 993; *Banderob v. Wis. Cent. R. Co.* 133 Wis. 249, 113 N. W. 738; 26 Am. & Eng. Ency. of Law (2d ed.) 512; *Hartwig v. C. & N. W. R. Co.* 49 Wis. 358, 5 N. W. 865; *Bloor v. Delafield,* 69 Wis. 273, 34 N. W. 115; *Garske v. Ridgeville,* 123 Wis. 503, 102 N. W. 22; *Morey v. Lake Superior T. & T. Co.* 125 Wis. 148, 103 N. W. 271; *Howard v. Beldenville L. Co.* 129 Wis. 98, 108 N. W. 48.

TIMLIN, J. Upon a special verdict finding that the plaintiff when injured was in the baggage room of the defendant

at the invitation of the baggage master, and that this baggage room was not then reasonably safe for the use of passengers invited thereto to identify their baggage, and that this condition of the baggage room was the proximate cause of plaintiff's injury, and that there was no want of ordinary care on plaintiff's part which contributed to such injury, the plaintiff had judgment for the amount of damages found by the jury.

The appellant assigns several errors which fairly raise the question of the sufficiency of the evidence to support the verdict; of the sufficiency of the verdict to support the judgment; and complains of failure to submit to the jury a question proposed by defendant, also of error in instructions to the jury. The facts in evidence show that the baggage room of the respondent at La Crosse is so constructed that a depression or pit extends from the double doors at the west side of the room eastward into the room about twenty-four feet and nearly across the room. This is about two feet nine inches in depth and slightly wider than the baggage truck, and it is used for running the baggage truck into the room so that the platform of the truck will be practically on a level with the floor of the room. This is an obvious convenience in loading baggage on the truck and transferring the loaded truck from the baggage room to the platform which is on the lower level. At both sides and at the end of this pit or depression the floor of the baggage room is available for and used for the deposit of baggage.

The plaintiff was a passenger on defendant's road, and went into the baggage room at the suggestion of the defendant's employees to identify her baggage and have the same checked. She then had some conversation with the baggageman, and left for the purpose of purchasing a rope to tie up one item of her baggage which was defectively fastened. She then returned and engaged in conversation with the baggage master while one of the assistants of the latter was

tying up the baggage with this rope which she brought with
her. She went with the baggage master across the baggage
room to identify her luggage. Near where she stood there
was a truck in the pit or depression, and she accidentally
stepped between the edge of the truck and the edge of the
pit or depression, breaking her leg and sustaining injuries.
She had not noticed nor had her attention been called to the
pit, depression, or truck up to this time. The testimony on
the part of the defendant differed materially from this, but
the foregoing is the version of the occurrence established by
the verdict.

Upon this state of facts the defendant denies the right of
the plaintiff to recover damages because the construction of
the baggage room was "an engineering problem," and con-
tends that its construction and maintenance was no breach
of duty to any one; that it was a customary and usual mode
of constructing baggage rooms and handling baggage and
necessary to the easy and convenient operation of that branch
of the carrying business; and that therefore the jury was not
warranted in finding that the baggage room was not reason-
ably safe. To maintain this contention the appellant cites
*Boyd v. Harris,* 176 Pa. St. 484, 35 Atl. 222; *Tuttle v. D.,
G. H. & M. R. Co.* 122 U. S. 189, 7 Sup. Ct. 1166; *Chicago
& G. W. R. Co. v. Armstrong,* 62 Ill. App. 228; *St. Louis
Nat. S. Co. v. Burns,* 97 Ill. App. 175; *Chicago & E. I. R.
Co. v. Driscoll,* 176 Ill. 330, 52 N. E. 921; *Titus v. Brad-
ford, B. & K. R. Co.* 136 Pa. St. 618, 20 Atl. 517; *Bethle-
hem I. Co. v. Weiss,* 100 Fed. 45, 40 C. C. A. 270, and other
cases of that class. These cases all involved questions aris-
ing between master and servant.

Generally speaking, and without reference to special stat-
utes or exceptional rules, the law confers upon the master
the right to construct and maintain his own property and
appliances in his own way and according to his own judg-
ment, and so long as there is no latent or hidden danger in

such construction or maintenance the servant accepting employment from the master does so subject to this right of the master, and assumes the risk of injury from the open and obvious character of such appliances. Consequently in such cases, where the defect causing the injury presents a mere question of this kind, courts have sometimes designated it as a mere "question of engineering," meaning a question of judgment in the construction of the appliance. There is no legal rule or doctrine by force of which a court or jury is disabled from deciding a cause merely because in such decision there may be involved "a question of engineering." The expression relates to a condition of fact pertinent in cases between master and servant and not to a rule of law. The rule above stated obtaining between master and servant and relied upon by appellant has no application between carrier and passenger, which was the relation of the parties in the instant case. As to the respondent it was the duty of appellant to have its baggage room reasonably safe. *Indermaur v. Dames,* 19 Eng. Rul. Cas. 64; *Ill. Cent. R. Co. v. Griffin,* 80 Fed. 278; *Banderob v. Wis. Cent. R. Co.* 133 Wis. 249, 113 N. W. 738. Whether or not the appellant performed this duty may be a question of law or a question of fact, and the inquiry in the instant case is whether there was sufficient evidence to go to the jury on this point. It is the duty of a carrier to provide reasonably safe depot buildings in which freight and property transported over its road might be securely stored; and facts showing the character and location of the depot building, the materials out of which it was built, and its liability to take fire are proper to be laid before the jury for the purpose of showing that the building was not reasonably safe. *Whitney v. C. & N. W. R. Co.* 27 Wis. 327. See, also, *Conroy v. C., St. P., M. & O. R. Co.* 96 Wis. 243, 250, 70 N. W. 486. While it is the duty of the railroad company to have its depot open and lighted for the convenience of passengers (*Dowd v. C., M. & St. P. R. Co.* 84 Wis. 105, 54

N. W. 24), it is a question for the jury whether under the circumstances of the particular case the railroad company was negligent in failing to have such lights. *Patten v. C. & N. W. R. Co.* 32 Wis. 524. Whether a railroad company provided a sufficient platform to enable passengers to descend from the cars without danger was said to be a question for the jury in *Delamatyr v. M. & P. du C. R. Co.* 24 Wis. 578; and a like ruling was made in *McDermott v. C. & N. W. R. Co.* 82 Wis. 246, 52 N. W. 85, where several cases are cited; and see *Banderob v. Wis. Cent. R. Co.* 133 Wis. 249, 113 N. W. 738. Whether the baggage room constructed as described was reasonably safe for the use of passengers claiming or identifying baggage therein was in the case at bar, we think a question for the jury, notwithstanding the particular defect which rendered it unsafe inhered in a plan of the room deliberately adopted and used at La Crosse and elsewhere by the appellant. Not that the jury may at its will condemn any plan or building as not reasonably safe, but facts and circumstances may be laid before them tending to show that the building is dangerous for the use to which it is put by the carrier, and it is for the court to say whether the evidence has any such tendency, and for the jury to pass upon its weight and sufficiency. No doubt, if the baggage room so constructed was only for the purpose of transferring baggage to and from outgoing and incoming trains with the truck described, there would be no evidence of its insufficiency for that purpose, but when it is also used as a place for passengers to enter and walk about in for the purpose of identifying baggage at all hours and under all conceivable conditions of congestion of baggage, it may well be found to have been so constructed as to be dangerous to those passengers so using it. The finding of the jury covers both construction and maintenance, and the maintenance of this unguarded opening in a baggage room used for such purposes might well, upon the evidence before the jury, be found to constitute a

failure to maintain the baggage room in a reasonably safe condition. It is not necessary to this to say that a barrier or railing around the pit or opening would destroy or impair its efficiency for the purpose of loading or unloading and removing baggage. For such purposes the baggage room was reasonably safe. It is only when the additional use by passengers for the purpose of identification is added that the room can be said not to have been reasonably safe for such additional use. Criticisms upon the instructions to the jury because such instructions permit the jury to consider whether or not the appellant was negligent in constructing and maintaining the pit in question are disposed of by these considerations.

The appellant requested the court to submit to the jury the following question as part of the special verdict: "Could it have been reasonably anticipated that the accident in question would have occurred at the time and place in question?" The court properly refused to submit this question. Its negation would have determined nothing. The mere fact that the appellant could not have reasonably anticipated the specific accident at the particular time and place is not significant. The inquiry should have been whether the appellant could have reasonably anticipated that an injury might probably result to a passenger by reason of the construction and maintenance of this baggage room used as it was. *Coolidge v. Hallauer*, 126 Wis. 244, 105 N. W. 568. It is not necessary to decide whether this refusal would have been error if the question was properly drawn.

On the question of contributory negligence it is contended that the respondent must have seen and ought therefore to have avoided this pit or depression, and that her testimony to the effect that she did not see it is manifestly impossible and untrue. It requires an extraordinary case to authorize the court to so dispose of sworn testimony. Whether the respondent saw the pit or not would depend on the amount and location of the baggage in the room, whether there was or was not a truck in the pit, how she reached her

baggage, what were her habits and opportunities of observation in many particulars, and we cannot say that her testimony on this point is impossible. Its weight and credibility were for the jury. The burden of proof upon this point was upon the appellant.

The jury found by special verdict that the baggage room was not reasonably safe for the use of. passengers who were invited therein for the purpose of identifying and having baggage checked, and that this was the proximate cause of respondent's injury, and that there was no contributory negligence on the part of the respondent, but did not expressly find defendant negligent or find defendant negligent further than may be implied from the above findings. The appellant did not request that this question of defendant's negligence be submitted to the jury. It is not necessary in this case for the court to determine whether or not an express finding of negligence was necessary in addition to the facts above found in order to fix the liability of the appellant, because, if such finding was necessary to uphold a recovery, it must be presumed that the appellant, by its failure to request its submission to the jury, waived appellant's right to the determination of that question by the jury, and also that that question was determined adversely to the appellant by the judgment appealed from, because, as we have seen, there is evidence to support such a finding. Ch. 346, Laws of 1907, being sec. 2858*m*, Stats., changes the rule which formerly prevailed, and it is now incumbent upon attorneys to present to the trial court fairly and openly requests for the submission of questions of fact in a special verdict. If by inadvertence or finesse they fail to do so, being present and having opportunity, they thereby waive the right to have the jury pass upon that particular item of fact, and the court rendering its judgment adversely to them (if the court does so render judgment) necessarily resolves that fact against them.

Respondent's counsel cites ch. 192, Laws of 1909 (sec. 3072*m*, Stats.), to us for the purpose of showing that the

judgment in his favor should not be reversed or set aside except as therein provided. The statute is as follows:

"No judgment shall be reversed or set aside or new trial granted in any action or proceeding, civil or criminal, on the ground of misdirection of the jury, or the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application·is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure the new trial."

It is not quite clear what change this act makes in the rules adopted and acted upon by this court long prior to the passage of the act. See *Franke v. Mann,* 106 Wis. 118, 81 N. W. 1014, and *Mauch v. Hartford,* 112 ·Wis. 40, 87 N. W. 816.

The cases applying and announcing those rules are too numerous to be cited. Eighty instances of this kind will be found cited and referred to under the title "Appeals and Errors," subtitle XI, "Harmless and Immaterial Error," Cumulative Index Digest for September, 1908, which merely covers the work of this court from 122 Wis. to 133 Wis. and 115 N. W. Rep., inclusive. Whether this act of 1909 changes the rule stated in *Dresser v. Lemma,* 122 Wis. 387, 100 N. W. 844, to the effect that, if error is committed, prejudice is presumed to flow therefrom, and whether that rule so stated is consistent with *Franke v. Mann,* 106 Wis. 118, 81 N. W. 1014, which declares that not only error but prejudicial error must be made to appear affirmatively, or consistent with other decisions of this court, and how far, if at all, the act of 1909 extends the existing provisions of sec. 2829, Stats. (1898), has not been discussed by counsel, and we reserve the decision of these questions for some case in which they. are necessarily involved and thoroughly presented.

*By the Court.*—The judgment of the circuit court is affirmed.