E. E. ELLERTSON v. JOHN ROHOLT and Others.[1]

December 10, 1909.

Nos. 16,254—(58).

**Promissory Note — Title — Verdicts Sustained by Evidence.**

In an action to recover a money judgment one defense was that plaintiff did not own the promissory note sued upon. The jury returned a general verdict for defendant, and a special verdict that plaintiff was not the owner of that note. It is *held* that there was evidence reasonably tending to support the verdicts, and that they should be upheld.

Action in the district court for Polk county to recover $1,750 upon a promissory note. In their answer defendants admitted making the note, denied the title of plaintiff to the note and set up a counterclaim of $1,800 for breach of warranty of a ditching machine sold to de-

[1]Reported in 123 N. W. 811.
109 M.—16

fendants by the company of which plaintiff was president. The reply set out the written order upon which the machine was sold. The case was tried before Watts, J., and a jury which rendered a general verdict in favor of defendants and special findings that plaintiff was not the owner of the note, that he had not purchased it in good faith for a valuable consideration before its maturity, that it was not purchased by the First National Bank in good faith for a valuable consideration before its maturity, and that the plaintiff was not required as indorser to pay the amount of the note to the bank. From an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*George E. Young* and *A. A. Miller,* for appellant.

*W. E. Rowe,* for respondent.

JAGGARD, J.

The complaint of plaintiff and appellant set forth: Defendants and respondents executed their promissory note to the order of the Russel Grader Manufacturing Company. After delivery, and before maturity thereof, said company sold and delivered the said promissory note to this plaintiff. Plaintiff indorsed said note to the bank, to which on maturity it was not paid. "Thereafter, and upon the failure of these defendants to pay said note when due, plaintiff was compelled to take up, and did take up, said note, by paying the same to said bank, which was thereupon assigned and delivered to this plaintiff." The answer, among other things, presented the issue whether plaintiff was the owner of the note described. The jury brought in a general verdict for the defendants and a number of special findings. The particular finding involved here was that the plaintiff was not the owner of the promissory note described in the complaint in this action at the time this action was commenced. Plaintiff took this appeal from the order of the trial court denying his motion for judgment notwithstanding the verdict, and also his motion for a new trial.

The essential question presented by this record is whether, within the familiar rule on that subject, there was sufficient evidence to justify the action of the trial court in refusing to set aside this find-

ing by the jury. An examination of the record has satisfied us that affirmance is necessary.

Plaintiff was, at the time he indorsed the note to himself, the president of the company. He said to the officers of the company that he "would buy it, if they were willing to sell it" to him. In response to defendant's question, "And they told you you could have it?" he replied, "No, sir." Plaintiff admitted that the first thing he should have done (after the note came into his possession) would be to enter it upon the book, and that he did not do this. Perhaps the most significant thing is his testimony to the effect that the bank took the note for its face value, and that the sum was placed to the credit not of himself, but of the company. After the maturity of the note there was testimony that one of the defendants saw the face and back of the note sued upon, and that there were no indorsements whatever on the back of the note. In addition to this direct testimony, there were other circumstances from which, in this connection, the jury might have drawn inferences favorable to either plaintiff or defendant.

The trial court did not place much stress on the testimony of the defendant who claimed to have seen the note, but was of opinion that, "leaving out his testimony on that point, there is other evidence in the case sustaining the verdict of the jury." Counsel for defendant insist that this testimony was for the jury (White v. Collins, 90 Minn. 165, 95 N. W. 765; McKenzie v. Banks, 94 Minn. 496, 103 N. W. 497; Krenz v. Lee, 104 Minn. 455, 116 N. W. 832), and refers us in particular to Thompson v. Pioneer-Press Co., 37 Minn. 285, 33 N. W. 856, in which Mitchell, J., said: "I admit that the explanation of the plaintiff is very improbable, unnatural, and unreasonable, so much so that, if I were a juror, I would probably have very little difficulty in arriving at the conclusion that he embezzled his employers' money and then falsified the books to conceal his crime. * * * Under such circumstances, I cannot admit the right of the court to take the case from the jury, and assume to decide that the evidence of the plaintiff was false. A court has an undoubted right, and it is often its duty, to aid the jury by an analysis of the evidence; but, as long as juries are made by law the exclu-

sive judges of the facts—in other words, as long as a jury is a jury—it is peculiarly their province to judge of the credibility of witnesses, and a court has no right to take a case from them on the ground that a witness is not entitled to credit, unless it might possibly be in a very extreme case, when it was absolutely impossible, either physically or morally, that the evidence could be true." And see Bates v. Chicago (Wis.) 122 N. W. 745; Morton v. Smiley, 119 Wis. 156, 96 N. W. 534; 9 Current Law, 976, 979, note 42; 3 Current Law, 1095, note 21.

We do not feel called upon to decide this controversy. Enough of the record has been set forth herein to indicate that the very circumstances of the transfer of corporation paper by its president as an officer to its president as an individual, with the result that the corporation itself received the credit for the note, and the transactions subsequent to defendant's failure to pay at maturity, the appearance and demeanor of the witnesses themselves were matters for the jury. See Hawkins v. Sauby, 48 Minn. 69, 50 N. W. 1015; Woodworth Elevator Co. v. Theis, supra, page 2, 122 N. W. 310.

Affirmed.