## A. F. Williams v. Frederick R. Wilson.

1. DECEIT—*Where the Action Will Lie.*—An action for deceit will lie, although the parties have entered into a written agreement, merging therein previous negotiations, because the complaint of the plaintiff is of fraudulent practice by which he was persuaded to contract and such

may be maintained although there be a written warranty or stipulation upon the point covered by the misrepresentations complained of.

2. SAME— *When Conduct is Fraudulent—Expressions of Opinion.*— Where parties are dealing with each other, and one makes a positive and material statement upon which the other, to his knowledge, acts, and such statement is known to him who makes it, to be false, his conduct is fraudulent and he can have no benefit therefrom; but the mere expression of an opinion as to a material fact is not equivalent to a positive affirmation.

**Action for Deceit.**—Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed April 18, 1902.

This was an action on the case brought by appellant to recover damages by reason of misrepresentations made by appellee as to the number of acres contained in a farm in the State of New Jersey. Plaintiff and defendant exchanged properties, appellant conveying certain property in the city of Chicago in exchange for the New Jersey farm. The declaration alleges that appellee fraudulently and willfully represented to appellant that the farm contained 164 acres, and this before and at the time of the conveyances made by the respective parties, and that afterward, on a survey caused to be made by appellant, it was found that the farm contained only 141.18 acres, and that at and before the time of conveyance it was agreed that the land in the farm was worth $125 per acre, thus fixing its valuation. Negotiations for this exchange of properties were pending for some time; appellee and his agent, Morse, were endeavoring to bring about the exchange. The deed was from Wilson to Williams, and at the end contains the statement, " All lands in this deed described contains 164½ acres, more or less." A number of tracts were set forth in this deed by metes and bounds, constituting the farm conveyed. The cause being submitted to a jury, a verdict for defendant was found. Upon this there was judgment.

GEORGE G. BELLOWS, attorney for appellant.

GEORGE GILLETTE and DAVID K. TONE, attorneys for appellee.

Williams v. Wilson.

MR. JUSTICE WATERMAN delivered the opinion of the court.

This is what is known as an action for deceit. It is not based upon the deed given nor upon the contract entered into, but upon alleged fraud by which appellant was induced to enter into the contract ultimated by mutual deeds. Such an action will lie although the parties have entered into a written agreement, thus merging therein the previous negotiations, because the complaint of the plaintiff is of fraudulent practice by which he was persuaded to contract; and such action may be maintained although there be a written warranty or stipulation upon the point covered by the misrepresentations complained of.    Antle & Bro. v. Sexton et al., 137 Ill. 410–414; Linington v. Strong, 107 Ill. 295–302.

If, when parties are dealing with each other, one makes a positive and material statement upon which the other, to his knowledge, acts, and such statement is known to him who made it, to be false, his conduct is fraudulent and he can take no benefit therefrom.

The exceptions to this rule, that the party to whom the representation is made must use reasonable diligence to guard against the fraud perpetrated upon him and can not close his eyes to the obvious, etc., it is unnecessary to now comment upon.

A mere expression of opinion as to a material fact is not equivalent to a positive affirmation.

A question presented to the jury in this case was, did appellee state as a fact, that the farm contained 164 acres, or did he speak of its containing 164 acres in a manner that showed appellant that he was expressing only an opinion.

As to this the jury were fairly instructed and have found for appellee.   The evidence upon this question is such that we can not say the jury were not warranted in finding the verdict they did.

Appellant had purchased the lands constituting the farm at various times and from various parties.   He had seven deeds conveying to him by metes and bounds, course and distance;  these deeds were shown to appellant and from

them the deed to them was drawn by appellant's attorney. These instruments plainly show that only by a survey and computation could one know how many acres were included therein.

As before said, they are by course and distance, metes and bounds, containing recitals one " about 110 acres, the same not having been computed;" another " containing two acres to be the same, more or less;" another " containing eight and 50-100 of an acre, to be the same, more or less;" another " containing eighteen acres by estimation to be the same more or less;" another "containing twelve acres and 60-100 of an acre;" another " containing by estimation three and one-half acres, more or less;" another " containing thirteen acres, more or less."

These recitals amount to 167.10 acres; deducting therefrom a three and a half acre tract appellee declared he did not intend to sell, leaves 163.60 acres.

It does not appear that appellee had had the premises surveyed or knew any more as to the quantity of land than the deeds disclosed.

If other instructions equivalent to the eleventh asked by appellant had not been given it should have been. So, too, we regard the testimony that appellant said he would sell the farm back for $3,000, as inadmissible; but it could have had no effect upon the question of alleged fraud.

We find no error warranting a reversal of the judgment and it is affirmed.