### WOODWORTH ELEVATOR COMPANY v. F. A. THEIS and Another.[1]

#### July 23, 1909.

#### Nos. 16,235—(203).

**Conversion of Grain — Question for the Jury.**
> Evidence considered, and *held*, that it was sufficient to require the submission of the case to the jury.

Action in the district court for Otter Tail county against F. A. Theis and Northland Elevator Company to recover $1,175 for the conversion of plaintiff's wheat to the use of defendants. The case was tried before Baxter, J., who at the close of plaintiff's evidence dismissed the action. From an order denying plaintiff's motion for a new trial, it appealed. Reversed and new trial granted.

*How, Butler & Mitchell* and *George Hoke,* for appellant.
*Gunderson & Leach,* for respondents.

START, C. J.

Appeal by the plaintiff from an order of the district court of the county of Otter Tail denying its motion for a new trial in an action for the conversion of a carload of wheat. The only issue made by the pleadings was whether the defendants converted the wheat. The trial court, when the plaintiff rested its case, dismissed the action on defendants' motion on the ground that plaintiff had failed to make out a case.

The question for our decision is not whether the evidence is sufficient to have sustained a verdict for the defendants, if the case had been submitted to a jury and a verdict found in their favor. The question is whether the evidence was such as to require as a matter of law a verdict against the plaintiff. If not, the case should have

[1] Reported in 122 N. W. 310.

been submitted to the jury. Our conclusion, based upon a full consideration of the record, is that the case should have been submitted to the jury. There was no direct evidence that the defendants, or either of them, converted the wheat, and the agent in charge of the defendant's elevator, on being called for cross-examination by the plaintiff, denied that he ever had anything to do with plaintiff's wheat. We are of the opinion that the credibility of this witness was a question for the jury under the circumstances disclosed by the record. Hawkins v. Sauby, 48 Minn. 69, 50 N. W. 1015; State v. Halverson, 103 Minn. 265, 114 N. W. 957, 14 L. R. A. (N. S.) 947, 123 Am. St. 326.

The evidence and stipulations of the parties show that the elevators of the respective parties are located on the same elevator track of the Soo Railway at Parker's Prairie, this state, and that they are about one hundred sixty feet apart; that on the evening of March 2, 1908, an empty car was standing on the track in front of the defendant's elevator, and that the next morning it was standing on the track directly in front of a spout of plaintiff's elevator, loaded with wheat; and, further, that the defendant elevator company received the wheat in the car and applied it to its own use. There was also evidence tending to show that on the same night approximately a carload of wheat was drawn out of one of the bins of the plaintiff's elevator without its knowledge or authority. The agent in charge of the defendant's elevator testified that the car in question was loaded from his own elevator; but there was evidence of circumstances as to his conduct and statements proper for the consideration of the jury in connection with the other evidence.

As there must be a new trial, we refrain from discussing the evidence or expressing any opinion as to its force, except to state our conclusion that it was sufficient to require the submission of the question of the conversion of the wheat by the defendants to the jury.

Order reversed and a new trial granted.