## JOHN NEELUND v. H. C. HANSEN AND ANOTHER.[1]

December 5, 1919.

No. 21,347.

**Fraud — unintentional misrepresentation.**

1. A false representation made by a party having no interest in the transaction to which the statement relates, is not sufficient to sustain an action for deceit, if the party does not know that the statements are false and honestly intends to tell the truth.

**Intent to deceive — charge to jury.**

2. An instruction to the jury, that there must have been an intention on the part of the defendant to deceive or there can be no recovery, was not error under the facts in this case.

**Evidence of fraud insufficient.**

3. Evidence considered and *held* sufficient to justify the verdict.

Action in the district court for Carlton county to recover $5,157.38. Among other matters the answer expressly denied that defendant Hansen made any representation whatsoever to plaintiff that he knew that the contract when signed by Shillin was valid and sufficient to convey a good and absolute title to plaintiff to the property described, upon payment of the amount therein specified. The case was tried before Fesler, J., and a jury which returned a verdict in favor of defendants. Plaintiff's motion for a new trial was denied. From the judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*John Jenswold* and *John D. Jenswold,* for appellant.

*H. S. Lord* and *J. E. Green,* for respondents.

QUINN, J.

Action to recover damages for deceit, alleged to consist of false statements made by the defendant Hansen to the plaintiff with reference to the legal sufficiency of a certain contract to convey title to real property. The cause was tried to a jury and a verdict returned in favor of the defendants. From a judgment entered thereon plaintiff appealed.

[1]Reported in 175 N. W. 538.

Frank Shillin held a contract for a deed from one Ziebler to certain real property in the village of Barnum, a portion of which constituted his homestead. He entered into negotiations with the plaintiff to exchange the same for a farm. They finally arrived at a bargain and the plaintiff paid a portion of the boot money which he was to give. On the following day, June 12, 1913, the parties went to the defendant bank to close the deal. They requested Hansen to draw the papers. The bank held Shillin's contract with Ziebler as collateral, and Shillin requested that the bank instead of himself be named as grantee in the deed to the farm. A deed to the farm, in which the bank was named as grantee, was prepared by Hansen, subject to certain mortgages thereon. The plaintiff, his wife joining, duly executed this deed, and it was left with the bank as collateral in lieu of the Ziebler contract. At the same time a contract was prepared, by the terms of which Shillin was to convey to plaintiff title to the Ziebler property, the deed to be delivered upon certain payments being made as provided in the contract. Shillin executed this contract, but his wife being insane did not join therein. The plaintiff made several payments on the contract, which were applied thereon and as well upon the Ziebler contract, but finally defaulted. There was a balance still owing on the Ziebler contract and it was foreclosed. The plaintiff did not redeem from the foreclosure sale and failed to obtain title to the property. He then brought an action, in which he prevailed, to set aside the deed to the farm which he had given.

In his complaint the plaintiff alleges, in substance, that the defendant Hansen, at the time of the execution of the deed and contract on June 12, for the purpose and with the intention of inducing plaintiff to rely thereon and to induce him to make and deliver the deed to his farm and make said exchange, did falsely state and represent to him that he knew that said contract when signed by Shillin was valid and sufficient to convey a good and absolute title to the plaintiff of the property therein described, and that plaintiff could rely thereon. That plaintiff believed such statements to be true, and was without any notice or knowledge of any of the laws of the state of Minnesota pertaining to such transactions, and without any knowledge whether Shillin was a married man or whether his wife was insane, and that he relied upon all of the statements

which the defendant so made and was thereby deceived to his damage, etc.

It is contended on behalf of the appellant, that the trial court erred: (1) In charging the jury that there must have been an intention on Hansen's part to deceive or there can be no recovery; (2) in denying plaintiff's motion for a new trial, because the verdict is not justified by the evidence and is contrary to law.

Hansen was president of the bank. He was not a lawyer, nor was he particularly skilled in drafting papers or in passing upon the validity thereof. Each of the parties paid him one dollar for his services. He was not otherwise concerned in the transaction. Under such circumstances he owed to the plaintiff no higher duty than to act honestly and in good faith. He must not intentionally mislead, but, if he acts and answers honestly to the best of his ability, he does his whole duty. In such case a less degree of care is required than where one makes a statement for a consideration as a part of a contract. In the latter case, it is his duty to be accurate, and ignorance or mistake will not relieve him from liability. Jacobson v. Chicago, M. & St. P. Ry. Co. 132 Minn. 181, 156 N. W. 251, L.R.A. 1916D, 144, Ann. Cas. 1918A, 355.

While the bank held the Ziebler contract as collateral and subsequently received the deed to the farm in lieu thereof, this of itself is not sufficient to take the case out of the rule which is particularly applicable to representations made by third parties who have no interest in the transaction to which the statements relate, "that one is not guilty of fraud which will sustain an action for deceit, if he does not know that his statements are false, and honestly intends to tell the truth." 12 R. C. L. 349, § 104; Nash v. Minnesota Title Ins. & Trust Co. 163 Mass. 574, 40 N. E. 1039, 47 Am. St. 489, 28 L.R.A. 753.

The court instructed the jury that, in order to entitle the plaintiff to recover, it must appear that, "when Hansen made that representation, if he did, he intended to deceive Neelund, that is, he intended to induce Neelund to act in reliance upon it and deed away his farm property in order to get the Barnum property. There must have been an intention on Hansen's part to deceive." It is upon this instruction that the appellant alleged error in his motion for a new trial.

To determine whether there is liability in an action for deceit, the

test is, whether the defendant has by act or omission disregarded his duty. To prevent a false statement from being fraudulent, there must have been an honest belief in its truth. One who knowingly asserts that which is false has obviously no such honest belief. The instruction given left it to the jury to say whether Hansen, for the purpose and with the intention of inducing plaintiff to make and deliver the deed to his farm and to make said exchange, did knowingly falsely state and represent to him that he knew that the contract was valid and sufficient to convey a good title to the property therein described, or whether he honestly believed such statements to be true. We think the question was fairly submitted to the jury. The evidence in the case is quite voluminous, but, after reading and considering it with care, we are of the opinion that it fails to show that Hansen's statements were fraudulently made, that is, made with intent to deceive, or that he did not believe them to be true.

The case of Busterud v. Farrington, 36 Minn. 320, 31 N. W. 360, is not in point. The liability of a disinterested third person for representations which turn out to be untrue was not there involved. The representations there the subject matter of the action, were made by one of the parties to the transaction and such was the foundation of the decision rendered.

Judgment affirmed.