H. F. HANSEN v. DANIEL HAYES COMPANY OF IDAHO
AND ANOTHER.
T. E. WILLEY, APPELLANT.[1]

May 26, 1922.

No. 22,684.

**Fraudulent representations of seller of land — pleading and proof sufficient — oral evidence admissible.**

1. The complaint alleges a good cause of action for fraudulent representations inducing plaintiff to enter into written contracts to purchase lands. The evidence sustains the allegations of the complaint. Oral testimony of such misrepresentations does not vary or contradict the terms of the contract and is admissible.

**When broken promise is actionable.**

2. A broken promise does not amount to fraud. But if the party making the promise has no intention, at the time, of keeping it, the promise becomes an actionable misrepresentation.

**When charge on fraudulent representation is not reversible error.**

3. An instruction that, to entitle plaintiff to recover for fraudulent

[1]Reported in 188 N. W. 317.

representations, it is not necessary that the defendant derived any benefit from the transaction, is correct as far as it goes, and, in the absence of request to charge that such a person is not liable if he honestly intends to tell the truth, failure to so instruct is not reversible error.

Action in the district court for Pipestone county to recover $11,200 and interest, purchase price of certain land. The case was tried before Nelson, J., who when plaintiff rested and at the close of the testimony denied defendant Willey's motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, T. E. Willey appealed. Affirmed.

*M. J. Meeker* and *James H. Hall*, for appellant.

*C. T. Howard* and *George P. Gurley*, for respondent.

HALLAM, J.

Plaintiff brought this action to recover $11,200 and interest, the amount paid by him as the purchase price of California land bought from the Daniel Hayes Company, a corporation. The corporation made no answer. Defendant Willey answered and the issues were tried. Plaintiff had a verdict and defendant Willey appeals.

1. The complaint alleged that the defendants fraudulently represented that the corporation owned several thousand acres of land in California known as the Bliss ranch; that all of said lands were productive and rich agricultural lands, smooth and level, improved and plowed and sown to crop; that there was ample water thereon for irrigation purposes supplied by wells then in operation; that they exhibited photographs, some showing crops represented as growing on the Bliss ranch, and others showing wells represented as located on the Bliss ranch and ready to deliver water on the land sold to plaintiff; that they represented the corporation to be a wealthy corporation and that notes which plaintiff might give would be held by the corporation pending an examination by plaintiff of the land; that, believing and relying on the representations so made, plaintiff entered into agreements with the corporation to purchase a portion of said lands and to give his four promissory notes for $2,800

each, dated July 1, 1919, and due March 1, 1920, with interest; that in fact the corporation did not own any part of said ranch, but had only an option to purchase it; that the corporation was then wholly insolvent; that the representations as to the quality of the land and as to the improvements thereon were false; that the land was not improved at all and that defendants "well knew that the promissory notes to be given by plaintiff would not be held until plaintiff had examined said lands, but on the contrary defendants then and there intended * * * to sell said notes as soon as possible after obtaining them."

The complaint further alleges that defendants sold two of the notes to a bona fide purchaser on July 2, 1919, and about July 4, by falsely representing the contents thereof, procured from plaintiff a letter addressed "to any Bank, Trust Co., or Individual," stating that, if the corporation should present his note as collateral or for discount, "I will consider it a favor if you will accommodate him," and that defendants then fraudulently and wrongfully disposed of the remaining two notes to plaintiff's home bank, a bona fide purchaser; that plaintiff was obliged to pay and did pay all of said notes.

There are also allegations of conspiracy between the defendants which are important only as bearing on the effect of acts done by only one of the parties; there are also allegations as to plaintiff's illiteracy, lack of business experience and inability to read English, which as we view the case are of little importance, at least as far as the main contracts are concerned, for there is no allegation and no claim on the trial that plaintiff did not knowingly sign them. The complaint states a good cause of action for deceit or fraudulent misrepresentation in procuring plaintiff to purchase this land and to enter into a contract of purchase and to give his notes for the purchase price. The evidence sustains the allegations of the complaint. The trial court submitted the case to the jury on that theory.

Defendant contends: "The complaint did not state a cause of action for the reason that the plaintiff did not plead that he did not know and fully understand the conditions and stipulations of this contract at the time and before he signed it. The allegations of

fraud in the complaint differ and vary from the stipulations in the contract. There is no allegation that he did not know what he was signing or that he was induced to sign them by artifice or trick. Failing to allege these facts, he fails to state a cause of action."

We think defendant mistakes the nature of plaintiff's cause of action. It is not that plaintiff was induced by artifice or trick to sign a contract which was in fact different from what he supposed he was signing. Fraud of that character renders the alleged contract obtained by such means a nullity. There is in such case no meeting of the minds. Such a case was alleged in Oxford v. Nichols & Shepherd Co. 57 Minn. 206, 58 N. W. 865. As stated above there are some allegations in the complaint that would be pertinent only to such a cause of action. They have perhaps served to mislead defendant. But no such cause of action was in fact stated. The cause of action alleged in the complaint and submitted to the jury was one for damage for fraudulent representation made to induce a party to enter into a contract which was admittedly made.

Proof of such misrepresentation does not vary the terms of the contract. Nor does it add a new term to the contract. The misrepresentations are not claimed to be part of the contract but merely the inducement to it. Parol evidence is always admissible to prove that a party to a contract was induced to enter into it through fraudulent representations. Such evidence does not vary or contradict the terms of the contract. General Elec. Co. v. O'Connell, 118 Minn. 53, 136 N. W. 404; Edward Thompson Co. v. Schroeder, 131 Minn. 125, 154 N. W. 792; Nelson v. Berkner, 139 Minn. 301, 166 N. W. 347.

2. One of the alleged representations was to the effect that defendants promised that the corporation would hold plaintiff's notes until he had an opportunity to examine the land. The court charged the jury in effect that if such representation was made and the corporation had no intention of holding the notes and defendant Willey knew the representation was false, then such a representation was actionable. This instruction was correct. A broken promise does not amount to fraud. Hodsden v. Hodsden, 69 Minn. 486, 72 N. W. 562; Jackson v. Chemical Nat. Bank (Tex. Civ. App.) 46 S. W. 295. But, if the party making the promise has no intention of keeping it,

the promise becomes an actionable misrepresentation. Albitz v. Minneapolis & Pacific Ry. Co. 40 Minn. 476, 42 N. W. 394; Arcade Inv. Co. v. Hawley, 139 Minn. 27, 165 N. W. 477.

3. The court instructed the jury as follows: "In order to entitle the plaintiff to recover it is not necessary for you to find that the defendant Willey derived any benefit from the transaction, nor that he was acting as an employe or agent of the Daniel Hayes Company." Exception is taken to this instruction. The instruction was a correct statement of the law. Busterud v. Harrington, 36 Minn. 320, 31 N. W. 360. It is true that if the party making the representation has no interest in the transaction he is not liable if he honestly intends to tell the truth. Neelund v. Hanson, 144 Minn. 228, 175 N. W. 538. We are of the opinion, however, that since the instruction was correct as far as it went there was no reversible error in the absence of a request for more particular instructions.

We do not consider it important whether defendant Willey had any part in the negotiation of the notes. Their negotiation and the consequent necessity of their payment by plaintiff was an element of plaintiff's damage and a proximate consequence of the fraud. Nor is it important whether plaintiff assented to the negotiation of part of the notes since he did so if at all before discovery of the fraud.

Order affirmed.