## W. H. TISCHER v. HENRY J. BARDIN.[1]

May 11, 1923.

No. 23,216.

**When false representations by third party are actionable.**

1.  False representations by a third person having an indirect interest in the result of a particular transaction between others, by which one of the parties is injured and damaged by relying thereon, are actionable to the same extent as like false representations made by one of the parties.

**Good faith not a defense in such case.**

2.  Where the representations so made are acted upon and the inducement to the contract, deceiving the party so acting thereon, good faith on the part of the person making them constitutes no defense to an action for the resulting fraud.

**Verdict sustained.**

3.  The evidence supports the verdict, and the record presents no error in the trial proceedings.

Action in the municipal court of Minneapolis to recover $500 for defendant's false representations in the sale of an automobile. The case was tried before Reed, J., who when plaintiff rested and at the close of the testimony denied defendant's motion to dismiss, and a jury which returned a verdict for the amount demanded. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*William M. Nash* and *Chester L. Nichols*, for appellant.

*George M. Bleecker*, for respondent.

BROWN, C. J.

Action to recover damages for the alleged false and fraudulent representations by which plaintiff was induced to enter into a contract for the purchase of an automobile from a person who had no

[1] Reported in 194 N. W. 3.

title thereto, in which plaintiff had a verdict and defendant appealed from an order denying a new trial.

It appears from the record that defendant was a dealer in second-hand automobiles, buying and selling used cars as opportunity was presented. From January, 1919, to some date in May of the same year, he purchased several such cars from one Fitzgerald, a professional automobile thief, although defendant was not aware of his character in that respect, having dealt with him as the true owner of the cars so purchased. Plaintiff, a civil engineer, residing at Waconia, in Carver county, some 40 or more miles from defendant's place of business in Minneapolis, on May 9, 1919, applied to defendant at his garage or warehouse for the purchase of a secondhand automobile. Defendant pointed out one or two which he had on hand, but were not satisfactory to plaintiff. A comparatively new car had just come into the garage, brought there by the man Fitzgerald, which defendant advised plaintiff was for sale. Plaintiff took the car out for trial, and it proving satisfactory, on return to the garage negotiations resulted in the purchase thereof, plaintiff paying the agreed price of $500. The car had been stolen by Fitzgerald, a fact unknown to plaintiff or to defendant, and upon the appearance of the true owner some three months later, who resided in Milwaukee, Wisconsin, where the car was stolen, plaintiff surrendered the same to him. He then brought this action to recover of defendant the amount paid for the car.

The evidence justified the jury in finding the facts as stated, about which there is no serious dispute in the record. The evidence also justified the jury in finding that defendant, though not the owner, was interested in the sale of the car to the extent of a commission to be paid by Fitzgerald; that he represented the latter in making the sale, and that Fitzgerald, who was around and about the garage at the time, took no part, and his presence in the building was unknown to plaintiff until the transaction was closed. The evidence further justified the jury in finding that to induce the sale defendant without reservation or qualification represented to plaintiff that he knew Fitzgerald, and that the automobile belonged to him; that

Fitzgerald was all right, and that the car was all right; and also in finding that in making the purchase plaintiff relied upon the representations so made and was induced thereby to buy the car.

The representations were untrue in fact. The automobile had been stolen by Fitzgerald, and plaintiff by the transaction acquired no right or title thereto. It was subsequently claimed by the true owner to whom plaintiff delivered it, as he had the right to do without coercion by suit in replevin. Jordan v. Van Dusee, 139 Minn. 103, 165 N. W. 877, L. R. A. 1918 B, 1136.

The facts bring the case within the familiar rule of liability often applied and always followed in such controversies. - A showing of intentional deceit is unnecessary to support the action, any further than that element may appear from an unqualified representation as of one's own knowledge. Humphrey v. Merriam, 32 Minn. 197, 20 N. W. 138; Bullitt v. Farrar, 42 Minn. 8, 43 N. W. 566, 6 L. R. A. 149, 18 Am. St. 485; Helvetia Copper Co. v. Hart-Parr Co. 137 Minn. 321, 163 N. W. 665. The verdict of the jury being sustained by the evidence, and thereby plaintiff's right of recovery established as a matter of law, we have only to inquire whether the points made in support of the appeal present any trial errors of a character to require or justify a new trial.

1. It is contended in this behalf that the trial court erred in failing to instruct the jury upon the subject of the measure of damages and the elements thereof. We discover no error in that respect. The trial court instructed that, if the jury found the issue of fraud and fraudulent representations in plaintiff's favor, they should award him such damages as he sustained by reason thereof. In response to this the jury returned a verdict for $500, the full amount parted with by plaintiff. There was in the instruction no error of which defendant may complain. It was abstractly correct. The evidence disclosed that there was a total failure of consideration; plaintiff acquired no title to the property, and prima facie the damage on injury suffered by him was the full amount of money parted with. The case is entirely different from one where there is a breach of warranty respecting the condition and quality of the property

sold, no question of title or rescission being involved, for there the difference in value represents the measure of the defrauded party's relief. Here no property passed to plaintiff at all and he was, by reason of the fraud, entitled to be placed in statu quo. If, as suggested by counsel for defendant, plaintiff received some benefit in the use of the automobile until claimed by the true owner, proper to be deducted in mitigation of damages, the burden was upon him to establish the facts. No effort was made to do so. And, since there was no other basis for a reduction of plaintiff's damages below the amount parted with by him, the court was not required to extend its instructions on the subject beyond what was said to the jury, particularly in the absence of a special request therefor.

2. The contention that the court should have instructed the jury that plaintiff was required to show that Fitzgerald was not the owner of the automobile "by clear evidence" is without special merit. The general rule of preponderance of the evidence applies to actions of the kind. It is different in actions to set aside deeds and other like written contracts. 1 Dunnell, Minn. Dig. § 3473. The case of Jordan v. Van Dusee, 139 Minn. 103, 165 N. W. 877, L. R. A. 1918 B, 1136, did not involve the measure or degree of proof required in such cases, and there was no intention, by the language there used of departing from the general rule stated.

3. The final contention is that the trial court erred in excluding certain evidence offered by defendant for the purpose of showing good faith and freedom from intentional wrongdoing on his part. In this there was no error. Whatever immunity from liability a disinterested third person may claim for false and untrue representations made by him in a situation of the kind here disclosed, defendant in the case at bar shows no basis for relief in that respect. He was not in fact a disinterested third person. He was acting for Fitzgerald, as his agent, and expected a commission for his services; from Fitzgerald, not from plaintiff. He was aware of the fact that plaintiff knew nothing of Fitzgerald or as to the ownership of the automobile; yet, with Fitzgerald personally present and within his call, defendant assumed the responsibility of approving the charac-

ter of Fitzgerald and affirming his ownership of the car. And we conclude, without further discussion, that the evidence is quite conclusive of his interest in the matter, and the liability for the falsity of the representations made by him is the same as that attached to the real party in the transaction. In that situation ignorance on his part of the character of Fitzgerald or the true ownership of the automobile constitutes no defense. He was bound to know whereof he spoke or remain silent. The law is well settled on the subject in this and other jurisdictions. Bachelder v. Stephenson, 150 Minn. 215, 184 N. W. 852; Hansen v. Daniel Hays & Co. 152 Minn. 222, 188 N. W. 317; Neelund v. Hansen, 144 Minn. 228, 175 N. W. 538; Jacobson v. Chicago, M. & St. P. Ry. Co. 132 Minn. 181, 156 N. W. 251, L. R. A. 1916D, 144 Ann. Cas. 1918A, 355; Drake v. Fairmont Drain & Tile Co. 129 Minn. 145, 151 N. W. 914; Schlechter v. Felton, 134 Minn. 143, 158 N. W. 813, L. R. A. 1917A, 556; 12 R. C. L. 349.

This covers the case and all that is necessary to say in disposing of the various assignments of error. We have considered them and find therefrom no error to require or justify a new trial.

Order affirmed.