## AXEL NELSON v. NELS N. WAYLANDER.[1]

### No. 26,725.

### April 27, 1928.

**False representation on part of one partner sufficiently pleaded by the other to admit evidence.**

An allegation, that a partner in order to induce his copartner to settle all partnership affairs falsely represented that an inventory was complete and correct when in fact it omitted goods of substantial quantity and value, is a sufficient pleading of a false representation.

Fraud, 27 C. J. p. 33 n. 1.

Defendant appealed from an order of the district court for Meeker county, Baker, J. denying his motion for a new trial. Reversed.

*Alva R. Hunt,* for appellant.

*E. P. Peterson* and *Ellsworth, Clinite, Anderson & Dills,* for respondent.

[1]Reported in 219 N. W. 451.

STONE, J.

Action on a promissory note of defendant for $3,000 and a second cause of action for the price of goods sold and delivered. Upon objection, evidence offered by defendant in support of his defense and counterclaims was excluded and a verdict was directed against him. He appeals from the order denying his motion for a new trial.

It appears from the pleadings that for many years before 1916 plaintiff and defendant were in partnership as implement and harness dealers at Grove City. Defendant avers that without a dissolution of the partnership his active participation in the business ceased in 1916. December 13, 1921, plaintiff and defendant made a settlement of their "business affairs" which, as expressed by a written memorandum, required defendant to execute and deliver to plaintiff the $3,000 note in suit and also to convey to him the store property on which the business had been conducted.

The answer attempts to aver much wrong on the part of plaintiff in procuring defendant's execution of the contract of settlement. It will suffice to mention one such allegation. It is to the effect that in the negotiations inducing the settlement "plaintiff for the purpose of deceiving the defendant and acquiring said property [of the partnership], falsely stated and claimed that all the goods and fixtures of said partnership on hand in 1916 [when defendant's active participation in the business ceased] were listed in a certain inventory taken at that time and that the amount thereof was only between $1,500 and $1,600; whereas in truth and fact there was property not in said inventory amounting from $1,200 to $1,500. * * * That defendant did not remember the exact amount of property * * * after so many years, and knowing that plaintiff had the papers and reposing confidence in him as his old partner, believed what he said as to the amount of property and that it was all in said inventory."

The substance of that is that plaintiff, with the purpose of deceiving defendant, fraudulently represented the partnership assets at from $1,200 to $1,500 less than their value; that defendant believed the representation and settled accordingly.

The misrepresentation, if made, was substantial and concerned material matters, the quantity and value of the physical property of the firm. If the allegation be true, defendant has been the victim of fraud and may now, if nothing has occurred in the meantime to deprive him of his remedies or limit him in the use thereof, either rescind the contract of settlement or, affirming it, sue for his damages, if any. I. L. Corse & Co. v. Minnesota Grain Co. 94 Minn. 331, 102 N. W. 728; 2 Dunnell, Minn. Dig. (2 ed.) § 1815. If he has these remedies, and from his answer we must assume for the present that he has, defendant may invoke them in defense of this action so far as it rests on the promissory note which is part of the contract of settlement. There can be no recovery of damages without pleading and proof, but there may be a right to rescind for fraud without damage. Kirby v. Dean, 159 Minn. 451, 199 N. W. 174, and cases cited.

The answer is open to serious objection in that it does not show clearly that defendant has made an election of his remedies. It does not appear that he has attempted to rescind by his own act or that he now seeks a judicial rescission. The implication is that he elects to counterclaim for his damages. It is enough to require a reversal and a new trial that the answer went far enough in its allegation of fraud to admit evidence.

On the second cause of action, for goods sold and delivered, a verdict was directed against defendant on his own admission of the amount due. That issue is settled. But as to the defense and counterclaims there must be a new trial.

Order reversed.

UPON PETITION FOR REARGUMENT.

On May 18, 1928, the following opinion was filed:

PER CURIAM.

In a petition for rehearing appellant complains of ambiguity which, if it exists, should be removed. The case is remanded for a retrial of all the issues made by the pleadings as they stand or may be amended except that as to plaintiff's second cause of action which,

as the opinion states, must be considered as settled in plaintiff's favor. That does not mean that he is entitled to immediate judgment thereon but that, when the case is ultimately disposed of by judgment, it must be for him so far as his second cause of action is concerned. That issue will not be reopened.

We must decline the invitation to construe the counterclaims or pass upon the sufficiency of the answer with respect thereto. It was enough to require reversal to hold as we have that on any theory of the case the answer was sufficient to admit proof of fraud as a defense to the cause of action on the note given as a part of the contract of settlement which is attacked for fraud. With this comment the petition for rehearing is denied.