# GEORGE F. MOULTON v. JOHN W. NORTON.[1]

October 30, 1931.

No. 28,516.

*Kyle & Kyle,* for appellant.
*Keller, Broady & Chapin,* for respondent.

DIBELL, J.

Action to recover damages sustained by the plaintiff because of representations innocently made by the defendant relative to the

[1]Reported in 238 N. W. 686.

amount of assessments upon land which the plaintiff purchased of the defendant. There was a verdict for the plaintiff, and the defendant appeals from the order denying his alternative motion for judgment or a new trial.

The plaintiff purchased of the defendant a lot in St. Paul. The purchase was negotiated and closed through the agent of the defendant. The plaintiff claims and the jury found that the agent represented to him that the property was subject to $250 in assessments and that this was all. There was no fraud. The records in the office of the commissioner of finance showed no other assessments when in fact there were others. They amounted in the total to several hundred dollars more. Plaintiff was eventually compelled to pay $1,065.89 to his vendee, he having sold the property.

■  With the facts found by the jury relative to the representation the parties make no quarrel. The plaintiff and the defendant were honest. The mistake was in the office of the finance commissioner, and it induced the defendant to misrepresent the amount of the assessments. This misrepresentation, though innocently made, if relied upon by the plaintiff, resulted in liability if he suffered. Shane v. Jacobson, 136 Minn. 386, 162 N. W. 472; Helvetia Copper Co. v. Hart-Parr Co. 137 Minn. 321, 163 N. W. 665; Tischer v. Bardin, 155 Minn. 361, 194 N. W. 3; Osborn v. Will, 183 Minn. 205, 236 N. W. 197.

■  Before closing the purchase the plaintiff went to the office of the finance commissioner and checked the statement made by the defendant's agent. He received substantially the same information that the agent gave him. Certain assessments were erroneously marked "paid" on the books, and this caused the trouble.

It is the claim of the defendant that the plaintiff took upon himself an investigation as to the facts and relied upon the information obtained and so cannot charge the defendant with actionable misrepresentation. The rule is that a purchaser cannot undertake an investigation and rely upon the information obtained by it and then successfully assert that he was misled to his injury; but it is not essential to a recovery that he rely wholly upon the information

obtained. If the information given by the vendor is a substantial and material inducement to his purchase it is enough. Moline-Milburn Co. v. Franklin, 37 Minn. 137, 33 N. W. 323; Rudolphi v. Wright, 124 Minn. 24, 144 N. W. 430. The question of reliance was for the jury.

■ It is as certain as anything can be that the plaintiff supposed that he was buying a lot upon which there were assessments of something like $250 and not the amount afterwards found. An adjustment upon the basis of the smaller amount was made at the time of the closing of the sale. The plaintiff did not intend to buy premises with assessments amounting to a number of hundreds more which it would fall to him to pay. It is equally true that the defendant did not intend to sell this lot at the price agreed upon, with assessments in excess of the approximate sum of $250 to be paid in addition by his vendee. The representation was not wilful, but it involved consequences for which the defendant is liable. The evidence sustains the finding that this representation was a substantial inducement to the plaintiff's buying notwithstanding his inquiry. The apparent equities of the case are with the plaintiff. He would not have bought at the price he did unless for the misrepresentation; and the defendant did not intend the consequences which will result if the plaintiff is required to pay the additional assessments.

Order affirmed.