### RICHARD BAYERKOHLER v. CLARA CITY FARMERS ELEVATOR COMPANY AND ANOTHER.[1]

April 28, 1933.

No. 29,334.

[1]Reported in 248 N. W. 294.

Oscar S. Wilson and Albert R. Allen, for appellant.
Kief & Kief, for respondent.

OLSEN, Justice.

Plaintiff appeals from an order denying his motion for a new trial.

The action is brought to recover damages for personal injuries claimed to have been caused by the negligence of the defendant F. M. Condon in operating a truck on the highway. The defendant Clara City Farmers Elevator Company, respondent herein, is sought to be held responsible for the negligence of Condon, it being alleged that he was the employe and servant of the elevator company and acting as its servant, within the scope of his employment, in operating the truck at the time of the accident. At the close of plaintiff's evidence, on motion of the elevator company, the court directed a verdict in its favor. The question for review is whether the court erred in so directing a verdict.

The law is well settled. A verdict may be directed only where it clearly appears to the court on the trial that it would be its manifest duty to set aside a contrary verdict as not justified by the evidence or as contrary to the law applicable to the case. A motion for a directed verdict presents only a question of law and admits, for the purpose of the motion, the credibility of the evidence for the adverse party and every inference which may fairly be drawn from such evidence. If the record discloses evidence, taking the most favorable view of it for the plaintiff, sufficient to sustain

a verdict for him, a motion to direct a verdict for defendant should not be granted. Dawson v. Helmes, 30 Minn. 107, 14 N. W. 462; Thompson v. Pioneer-Press Co. 37 Minn. 285, 33 N. W. 856; Bennett v. Syndicate Ins. Co. 39 Minn. 254, 39 N. W. 488; Krenz v. Lee, 104 Minn. 455, 116 N. W. 832; Jensen v. Fischer, 134 Minn. 366, 159 N. W. 827; Baxter v. Brandenburg, 137 Minn. 259, 163 N. W. 516; Osborn v. Will, 183 Minn. 205, 236 N. W. 197.

The defendant elevator company was engaged in the business of operating a grain elevator, buying and shipping live stock, and retailing and dealing in farm machinery at Clara City in this state. Defendant Condon was in its employ in said business. He personally owned the truck involved in the accident in question. That he was driving the truck at the time of the accident is admitted in the answer of the elevator company. That Condon was negligent in operating the truck on the highway and thereby caused injury to plaintiff is not seriously controverted and was clearly a jury question. So was the question, if any, as to plaintiff's contributory negligence. As stated in respondent's brief, the issue narrows down to the question of whether the evidence would justify the jury in finding that Condon was acting within the scope of his employment, was performing a service for his employer in driving the truck at the time of the accident. The evidence tends to show, and the jury would be justified in finding, that the elevator company had contracted to sell and deliver to one John Zimmer and his son a farm machine, referred to as a machine wherewith to harvest or cut corn to be placed in silo, and that the machine was to be delivered to the purchasers at Clara City. The machine was at the state fair grounds in the Twin Cities. Condon came with his truck to the Twin Cities, loaded the machine onto the truck, and drove back with it to Clara City. Near Atwater, on his way back to Clara City, the accident happened. After the machine was brought to Clara City it was taken to the elevator company's place of business and then to a repair shop, where some repairs were made thereon, and such repairs were paid for by the elevator company. It was then delivered by the company to the purchasers. On this evidence

the jury could reasonably infer and find that Condon, within the scope of his employment and as the servant of the elevator company, was transporting the machine for the company. It is alleged in respondent's answer that Condon was employed by it to attend to the purchasing and shipping of live stock only; that he owned the truck in question and operated it on his own behalf; and that he was hauling this machine for hire for John Zimmer and was not acting for the elevator company or within the scope of his employment by the company in transporting the machine at the time of the accident. John Zimmer testified and expressly denied that Condon was employed by him to haul the machine. He testified that the machine was to be delivered to him at Clara City. John Barney, the secretary of the elevator company, was called for cross-examination by the plaintiff. He testified that the company had three departments of business, the grain department, the live stock department, and the farm implement department, and that Condon was employed for the shipping department for live stock only. He was not asked for and gave no explanation as to how Condon came to be hauling the machine in question from the cities to respondent's place of business.

The evidence of Barney on cross-examination was not conclusive. No evidence was presented by respondent. The question of whether Condon was within the scope of his employment and operating the truck as servant of the elevator company remained a question for the jury, and it was error to direct a verdict.

We note that there were three other negligence cases arising out of this same accident, which were tried with this case of Richard Bayerkohler, a separate verdict to be returned in each case; also that the directed verdict was for the elevator company only and did not include Condon. The record and briefs here presented appear to present an appeal by Richard Bayerkohler alone.

The order denying the motion for a new trial as to Richard Bayerkohler is reversed.