# FRED N. FORSBERG AND ANOTHER v. JOSIAH A. BAKER.[1]

October 3, 1941.

No. 32,872.

*C. J. Laurisch* and *Josiah A. Baker,* for appellant.
*Wilson & Blethen* and *Arthur H. Ogle,* for respondents.

HOLT, JUSTICE.

Defendant appeals from the order denying his blended motion for judgment notwithstanding the verdict or a new trial.

[1]Reported in 300 N. W. 371.

The action is to recover damages for false representation in the sale of a farm by defendant to plaintiffs. It appears that the owner of the farm died in 1938, and that on August 25, 1939, defendant was the duly qualified executor of her estate, a part of which was this 223-acre farm located in South Bend township, Blue Earth county, a few miles south of Mankato. Defendant had authorized a real estate broker to procure a purchaser, and through the agent's efforts plaintiffs came to defendant's office on the date mentioned. The price and terms of sale of the farm were agreed upon and a contract for deed executed. Plaintiffs allege that to induce them to purchase the farm defendant stated and represented that there "was and always had been sufficient water in the well on said farm; that said well was a good well and that the users of said farm were not and never had been in want. of water"; that well water was found in satisfactory volume in the community of this farm at a depth of 60 feet; that plaintiffs believed and relied on these representations; that they were false; that the well went dry; that they were compelled to drill a new well to a depth of 235 feet in order to obtain an adequate water supply on the farm, to plaintiffs' damage in the sum of $750. The answer was a general denial, and it also alleged as a defense that after plaintiffs had full knowledge of the condition of the well they completed the transaction by paying the whole purchase price. The reply pleaded matters in avoidance of this second defense in the answer. The trial resulted in a verdict for plaintiffs in the sum of $300.

The assignments of error raise the following propositions: (1) Defendant is entitled to judgment *non obstante* because (a) plaintiffs waived the misrepresentations in respect to the well by paying the agreed purchase price after knowledge of their falsity, and (b) defendant was entitled to a directed verdict for failure of proof; (2) the court erred in refusing to strike testimony relative to conversations with witness Minks because there was no proof of

his authority to bind defendant; (3) that the court erred in the instruction as to the measure of damages.

There was evidence tending to show that for over 20 years plaintiffs had resided in Belgrade township, Nicollet county, some three miles from Mankato, and had some knowledge of the cost of deep wells as compared with that of shallow wells. All understood that the well in question, about 50 feet deep, was in the shallow class. Mr. Forsberg had inspected this farm and well three times before the contract for deed was executed on August 25, 1939. Mrs. Forsberg was with her husband on two of the three inspections. Both had drunk of the water pumped from the well on these occasions and pronounced it good, and so far as they could then observe it was abundant. This testimony of Mrs. Forsberg, in respect to the conversation in defendant's office on August 25, 1939, before the contract for the deed was signed, presents the basis of this action most strongly for plaintiffs: "I said Mr. Minks guaranteed the water out there. 'That's right,' Mr. Baker said, 'because we never had trouble out there with water, you don't have to worry about any water on the place.'" She also testified that he said the well was about 40 feet deep, and that most wells in the neighborhood were about 60 feet deep. Defendant denies this testimony, but the conflict was for the jury. Plaintiffs were to pay the balance of the purchase price, viz., $10,150, and take possession on March 1, 1940. They had paid $500 at the time of the execution of the contract and $500 upon delivery of the abstract. The evidence is convincing that on and after March 1, 1940, the well did not function. Water for the stock could not be had therefrom. There is conflict in the evidence as to whether this resulted from frozen pipes leading from the pump to the tank or from an effort made by Mr. Forsberg early in March to increase the flow of water by dynamiting the bottom of the well, shattering the curbing, and to that extent filling in the well. This was for the jury to determine.

The contention that plaintiffs cannot recover because, after discovering the falsity of the representation regarding the well, they

performed the contract, cannot be sustained. They had paid $1,000 and were threatened with a forfeiture thereof by defendant serving a notice of the cancellation of the contract for deed for failure to perform. The only case cited in support of this contention is Humphrey v. Sievers, 137 Minn. 373, 376, 163 N. W. 737, 738; but that case states and cites prior decisions of this court to the effect that where a vendee "has performed the contract, in whole or in part, before discovering the falsity of the representations, he may affirm the contract and bring his action for damages for the deceit." See also Osborn v. Will, 183 Minn. 205, 236 N. W. 197.

The real merit of this suit depends upon whether the evidence sustains the verdict. The testimony of Mrs. Forsberg above noted, if believed, justifies a finding that defendant represented that the well on the farm had always furnished an abundant supply of water and that there had been no trouble with water. True, the statement in respect to the future of the well could not be understood as more than a mere opinion; but the statement that there never had been any trouble with the well was a representation of a past fact which, if false, would be actionable even though the representation was not known to defendant to be false when made. Osborn v. Will, 183 Minn. 205, 236 N. W. 197. There was testimony that two or three years prior to the sale the witness Cordell had cleaned out the well in order to increase the supply. Cordell had also in 1931, while one Herbst was a tenant on the farm, placed some cement block curbing in the bottom of the well, and also cleaned it out about a year before to secure a better supply of water. His statement and that of the tenants Herbst and Mees seem to us to furnish a basis for finding that the well had not been as represented by defendant. There is divergence in the evidence as to the actual condition of this well in respect to supplying water for the needs of a farm, but there is, in our judgment, sufficient to sustain a finding of false representations inducing plaintiffs to buy the farm.

There was no error in the refusal of the court to "strike out the evidence of the witnesses of both parties relative to conversations with the witness Minks, upon the ground that there is no connection or showing that Minks was in any way employed or had any authority to represent or to make any statements or warranties as to the condition of the well." In denying the motion the court stated to counsel what he intended to charge the jury so that they could properly argue the matter to the jury, namely, as bearing on the probability that Mrs. Forsberg said to defendant that Mr. Minks had guaranteed the water and that there was sufficient amount and that defendant said, "That's right, because we never had any trouble out there with water, you don't have to worry about the water on the place." The court charged the jury accordingly. No exception was taken at the time by defendant, and in the motion for a new trial there was no error assigned in respect to any portion of the charge upon that matter.

Defendant also assigns error on the measure of damages given the jury, which, in short, was that, if plaintiffs were entitled to recover, the amount should be the difference between the value of the farm had the well been as represented and the value thereof in the condition the well was when the sale was made. There was no request to charge as to that subject, and no objection by defendant to the language used when the charge was given nor in the motion for a new trial. The contention now made that it was error not to instruct that the measure of damages was the reasonable amount for the repair of the well or the construction of a new well as it was upon the farm when the sale was made cannot be sustained. The case was not tried upon that theory, defendant did not request any instruction to that effect, nor was any evidence adduced with reference to repairing the well. Shane v. Jacobson, 136 Minn. 386, 162 N. W. 472, is the only authority cited in support of this assignment of error; but a cursory examination of that case shows the testimony involved and the procedure at the

trial was entirely different from the testimony and course of trial in the case at bar.

The order is affirmed.